■ NATHAN GOLDSTEIN et al., Appellants, v ST. JOHN's EPIS-COPAL HOSPITAL et al., Respondents. [701 NYS2d 111] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Dunn, J.), dated August 24, 1998, which granted the separate motions of the defendant St. John's Episcopal Hospital and the defendants Charles Bleifeld and Kevin Vesey for leave to amend their respective answers to add the affirmative defense of lack of capacity to sue, and for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

This medical malpractice action arises out of a knee replacement surgery performed upon the plaintiff Nathan Goldstein by the defendants Charles Bleifeld and Kevin Vesey at the defendant St. John's Episcopal Hospital in January 1992. In October 1992, the plaintiffs filed for bankruptcy but failed to list any medical malpractice claim as an asset in their bankruptcy petition. The plaintiffs were discharged in bankruptcy in 1993 and in 1994 they commenced the instant action. Four years later, the defendants separately moved for leave to amend their answers to assert as an affirmative defense the

plaintiffs' lack of capacity to sue, and for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motions.

The Supreme Court providently exercised its discretion in granting the defendants leave to amend their answers. Leave to amend a pleading should be freely given (*see,* CPLR 3025 [b]) provided the amendment is not defective on its face and does not prejudice or surprise the opposing party (*see, Smith v Peterson Trust,* 254 AD2d 479; *see also, Romeo v Arrigo,* 254 AD2d 270). Here, the defendants moved promptly for leave to amend their answers upon learning of the prior bankruptcy proceeding, and the plaintiffs were unable to show any surprise or prejudice (*see, Quiros v Polow,* 135 AD2d 697). Having failed to list the medical malpractice cause of action in the schedule of assets filed with the bankruptcy court, the plaintiffs lacked the capacity to sue (*see, Pinto v Ancona,* 262 AD2d 472; *Bromley v Fleet Bank,* 240 AD2d 611; *Reynolds v Blue Cross,* 210 AD2d 619; *Quiros v Polow, supra*). Accordingly, the defendants were entitled to summary judgment. Sullivan, J. P., Joy, Krausman and Luciano, JJ., concur.