■ LUIGI CAPPELLINO, Plaintiff, v ATCO MECHANICAL, Appellant, and CARRIER CORP. et al., Respondents. [708 NYS2d 704] —In an action to recover damages for personal injuries, the defendant Atco Mechanical appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated February 19, 1999, as, upon reargument, granted the motion of the defendants Carrier Corp. and State University Construction Fund for partial summary judgment on their cross claim to recover damages for breach of a subcontract to purchase insurance and directed that Atco Mechanical reimburse them for legal costs and disbursements up to $1,000,000.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Atco Mechanical (hereinafter Atco) signed a subcontract with the respondent Carrier Corp. (hereinafter Carrier) which required Atco to purchase insurance, including coverage for losses resulting from the negligence of Carrier and the respondent State University Construction Fund. Atco argues that the insurance procurement provision is invalid because it was contained in the same numbered paragraph of the subcontract as a provision requiring Atco to indemnify those parties for their own negligence. While General Obligations Law § 5-322.1 (1) does render the indemnity provision void and unenforceable, the two provisions are separable, and an agreement requiring a subcontractor to purchase such insurance coverage does not violate General Obligations Law § 5-322.1 (*see, Kinney v Lisk Co.,* 76 NY2d 215; *Mathew v Crow Constr. Co.,* 220 AD2d 490). Accordingly, the Supreme Court properly found that the insurance procurement provision was valid, and granted the motion of the respondents for partial summary judgment on their cross claim to recover damages for breach of the subcontract to purchase insurance.

The remaining contentions of Atco are either unpreserved

for appellate review or without merit. Friedmann, J. P., McGinity, Luciano and Feuerstein, JJ., concur.