■ 123 CUTTING CO., INC., et al., Plaintiffs, v TOPCOVE ASSOCIATES, INC., et al., Defendants. (Action No. 1.) POSITIVE INFLUENCE FASHION, INC., Plaintiff, and TOPCOVE ASSOCIATES, INC., Appellant, v CITY OF NEW YORK, Defendant, and CONSOLIDATED EDISON COMPANY et al., Respondents. (Action No. 2.) (And Another Action.) [770 NYS2d 365]—

In related negligence actions to recover for damage to property, Topcove Associates, Inc., appeals from a judgment of the Supreme Court, Queens County (LeVine, J.), dated April 12, 2002, entered in Action No. 2 which, upon an order of the same court dated January 18, 2002, granting those branches of the separate motions of Consolidated Edison Company of New York, Inc., sued herein as Consolidated Edison Company, and Ward Mechanical Corp., inter alia, for summary judgment dismissing the complaint in Action No. 2 insofar as asserted by Topcove Associates, Inc., against them, is in favor of those defendants and against it in that action.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly granted those branches of the separate motions of Consolidated Edison Company of New York, Inc., sued herein as Consolidated Edison Company and Ward Mechanical Corp., defendants in Action No. 2, inter alia, for summary judgment dismissing the complaint in that action insofar as asserted by the appellant Topcove Associates, Inc., against them based on lack of capacity to sue. When the appellant filed for bankruptcy pursuant to chapter 11 of the 1978

United States Bankruptcy Code (11 USC) in or about September 2000, more than five years after it commenced Action No. 2, it failed to list that action as an asset in its bankruptcy petition. "[I]t is well settled that a debtor's failure to list a legal claim as an asset in his or her bankruptcy proceeding causes the claim to remain the property of the bankruptcy estate and precludes the debtor from pursuing the claim on his or her own behalf" (*Strokes Elec. & Plumbing v Dye,* 240 AD2d 919, 920 [1997]; *see Dynamics Corp. of Am. v Marine Midland Bank-N.Y.,* 69 NY2d 191, 196-197 [1987]; *Matter of First Montauk Sec. Corp. v Chiulli,* 245 AD2d 507 [1997]). We note that this rule applies to chapter 11 bankruptcy proceedings (*see Hart Sys. v Arvee Sys.,* 244 AD2d 527 [1997]; *Cafferty v Thompson,* 223 AD2d 99 [1996]), as well as to chapter 7 proceedings (*see Strokes Elec. & Plumbing v Dye, supra*).

The appellant's remaining contention is without merit. Prudenti, P.J., Smith, Friedmann and H. Miller, JJ., concur.