RUBY LAND DEVELOPMENT, LTD., Respondent, v ROBERT TOUSSIE et al., Respondents, and HSBC BANK USA, as Successor in Interest to FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF ROCHESTER, Appellant. [771 NYS2d 701]—

In an action, inter alia, to recover damages for breach of contract, the defendant HSBC Bank USA, as successor in interest to First Federal Savings and Loan Association of Rochester, appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), entered January 10, 2003, as denied those branches of its motion which were for summary judgment dismissing the cause of action of the plaintiff Ruby Land Development Ltd., to recover damages for breach of contract insofar as asserted against it, or alternatively, for summary judgment dismissing the cause of action of the plaintiff Ruby Land Development Ltd., for compensatory damages insofar as asserted against it, and for summary judgment dismissing the cross claim of the defendants Robert Toussie and Paltrrz Corporation for contribution insofar as asserted against it, and as granted that branch of the plaintiff's cross motion which was for leave to amend its complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the appellant's motion which was for summary judgment dismissing the cross claim of the defendants Robert Toussie and Paltrrz Corporation insofar as asserted against it and substituting therefor a provision granting that branch of the motion; as so modified, the order is

affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court providently exercised its discretion in granting the plaintiff leave to amend its complaint. Leave to amend a pleading should be freely given (*see* CPLR 3025 [b]), provided the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit (*see Fahey v County of Ontario,* 44 NY2d 934, 935 [1978]). Here, the plaintiff moved promptly for leave to amend its complaint, and the appellant was unable to show any surprise or prejudice. Nor does it appear that the proposed amendment was patently devoid of merit (*see Goldstein v St. John's Episcopal Hosp.,* 267 AD2d 426 [1999]).

However, the Supreme Court should have granted that branch of the appellant's motion which was for summary judgment dismissing the cross claim of the defendants Robert Toussie and Paltrrz Corporation seeking contribution. Since the complaint seeks damages solely for economic loss resulting from a breach of contract, contribution is unavailable (*see Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley,* 71 NY2d 21, 28 [1987]; *Rockefeller Univ. v Tishman Constr. Corp. of N.Y.,* 232 AD2d 155 [1996]).

The appellant's remaining contentions are without merit. Altman, J.P., Luciano, Adams and Cozier, JJ., concur.