■ RON SANTORI, Respondent, v MET LIFE, Appellant. [784 NYS2d 117]—

In an action to recover benefits under a disability insurance policy, the defendant appeals from an order of the Supreme Court, Richmond County (Gigante, J.), dated October 31, 2003, which denied its motion for leave to amend its answer to assert the affirmative defense of lack of capacity to sue and denied its separate motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law and as a matter of discretion, by (1) deleting the provision thereof denying the defendant's motion for leave to amend its answer to assert the affirmative defense of lack of capacity to sue and substituting therefor a provision granting that motion, and (2) deleting the provision thereof denying that branch of the defendant's separate motion which was for summary judgment dismissing so much of the complaint as sought to recover disability benefits for the period from November 1, 1993, through May 17, 1998, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court improvidently exercised its discretion in denying the defendant's motion for leave to amend its answer to assert the affirmative defense of lack of capacity to sue. Leave to amend a pleading should be freely given (*see* CPLR 3025 [b]), provided that the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit (*see Ortega v Bisogno & Meyerson,* 2 AD3d 607 [2003]; *AYW Networks v Teleport Communications Group,* 309 AD2d 724 [2003]; *Leszczynski v Kelly & McGlynn,* 281 AD2d 519 [2001]). The defendant moved for leave to amend its answer a few months after learning of the plaintiff's bankruptcy proceeding and the plaintiff failed to show that he would be prejudiced or surprised by the amendment. Moreover, the proposed amendment was not patently devoid of merit (*see Ortega v Bisogno & Meyerson, supra; Goldstein v St. John's Episcopal Hosp.,* 267 AD2d 426 [1999]).

Furthermore, upon amendment of the answer to assert the affirmative defense of lack of capacity to sue, the defendant was entitled to summary judgment dismissing so much of the complaint as sought to recover disability benefits for the period from November 1, 1993, through May 17, 1998. The United States Bankruptcy Code broadly defines property to include causes of action which existed at the time of the commencement of the proceeding (*see* 11 USC § 541 [a] [1]; *Martinez v Desai,* 273 AD2d 447 [2000]; *Weitz v Lewin,* 251 AD2d 402 [1998]; *Bromley v Fleet Bank,* 240 AD2d 611 [1997]). A debtor is required to schedule such causes of action as assets on the bankruptcy petition so that the trustee can determine whether the claims should be abandoned, or administered by the bankruptcy court for the benefit of the creditors (*see Dynamics Corp. of Am. v Marine Midland Bank-N.Y.,* 69 NY2d 191, 195-196 [1987]; *Mehlenbacher v Swartout,* 289 AD2d 651 [2001]). Thus, "a debtor's failure to list a legal claim as an asset in his or her bankruptcy proceeding causes the claim to remain the property of the bankruptcy estate and precludes the debtor from pursuing the claim on his or her own behalf" (*123 Cutting Co. v Topcove Assoc.,* 2 AD3d 606, 607 [2003] [internal quotation marks omitted]; *see Martinez v Desai, supra*).

Applying these principles here, the documentary evidence which the defendant submitted in support of its motion for summary judgment established that the plaintiff lacked capacity to sue to recover disability benefits based on the alleged wrongful denial of such benefits on November 1, 1993, since this part of his cause of action was predicated upon facts which were known or should have been known to the plaintiff before filing his bankruptcy petition on or about February 10, 1995. Since the plaintiff failed to offer evidentiary proof to rebut the defendant's prima facie showing, the defendant was entitled to summary judgment dismissing so much of the complaint as sought to recover disability benefits for the period from November 1, 1993, through May 17, 1998. However, with respect to the remainder of the complaint which sought to recover disability benefits for the period after May 17, 1998, the plaintiff had capacity to sue. So much of the plaintiff's cause of action as sought to recover such benefits did not accrue until the defendant notified the plaintiff, on or about May 24, 1999, that it was denying his second application for benefits retroactive to May 17, 1998 (*see Block v Teachers Ins. & Annuity Assn. of Am.,* 286 AD2d 298 [2001]; *see also Marotta v Road Carrier Local 707 Welfare Fund,* 100 F Supp 2d 149 [2000]; *Patterson-Priori v Unum Life Ins. Co. of Am.,* 846 F Supp 1102, 1105 [1994]), and thus was not part of the bankruptcy estate. Ritter, J.P., Krausman, Goldstein and Lifson, JJ., concur.