■ DIANE F. LEIBEL, Plaintiff, v FLYNN HILL ELEVATOR COMPANY, Defendant and Third-Party Plaintiff-Respondent. COUNTY OF SUFFOLK, Third-Party Defendant-Appellant. [791 NYS2d 638]—

In an action to recover damages for personal injuries, the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated September 24, 2003, as denied, in part, its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the third-party complaint is dismissed.

The indemnification provision in the agreement between the parties was void as against public policy and unenforceable, as it sought to indemnify the third-party plaintiff, Kone, Inc., formerly known as FHE Services, Inc., sued herein as Flynn Hill Elevator Company (hereinafter Kone), fully for its own negligence (*see* General Obligations Law § 5-322.1; *Itri Brick &*

*Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786, 795 [1997]; *Carriere v Whiting Turner Contr.*, 299 AD2d 509, 511 [2002]). Moreover, contrary to the Supreme Court's conclusion, the language in the provision was not ambiguous, and an interpretation of the provision that would provide for the partial indemnification of Kone for liability resulting from the negligent acts of the County of Suffolk or others "would distort the contract's apparent meaning" (*Tikotzky v City of New York*, 286 AD2d 493, 494 [2001]). Because the provision was not ambiguous and was unenforceable, there remained no material issue of fact and the County was entitled to summary judgment dismissing the third-party complaint in its entirety (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *cf. DePasquale v Daniel Realty Assoc.*, 304 AD2d 613 [2003]).

We further note that absent a finding of negligence against Kone, it will not be liable to the plaintiff. H. Miller, J.P., Adams, Goldstein and Spolzino, JJ., concur.