■ Luz Nunez, et al., Respondents, v Anastasios Mousouras, Appellant, et al., Defendants. [800 NYS2d 185]—

In an action, inter alia, in effect, to impose a constructive trust on certain real property, the defendant Anastasios Mousouras appeals from so much of an order of the Supreme Court, Kings County (Hubsher, J.), dated September 25, 2003, as denied his motion pursuant to CPLR 3211 (a) (2) and (3) to dismiss the first cause of action based on lack of legal capacity and lack of subject matter jurisdiction and for leave to amend his answer to assert those defenses.

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the provision thereof denying that branch of the motion which was for leave to amend the answer to assert the defense of lack of legal capacity, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The branch of the appellant's motion pursuant to CPLR 3211 (a) (2) and (3) which was to dismiss the first cause of action was procedurally barred by the single-motion rule (see CPLR 3211 [e]; Lee v Liberty Lines Tr., 260 AD2d 549 [1999]; B.S.L. One Owners Corp. v Key Int. Mfg., 225 AD2d 643 [1996]). Therefore, the Supreme Court properly denied that branch of the motion.

Contrary to the plaintiffs' contentions, "defenses waived under CPLR 3211 (e) can nevertheless be interposed in an answer amended by leave of court pursuant to CPLR 3025 (b) so long as the amendment does not cause the other party prejudice or surprise resulting directly from the delay" (Endicott Johnson Corp. v Konik Indus., 249 AD2d 744, 744 [1998]). On this record, the Supreme Court improvidently exercised its discretion in denying that branch of the motion which was for leave to amend the answer to allege that the plaintiff Luz Nunez (hereinafter Nunez) lacked the capacity to claim an ownership interest in the subject property. The defendant Anastasios Mousouras contends that Nunez, who in the year 2000 voluntarily filed a petition for relief under chapter 7 of the United States Bankruptcy Code, failed to disclose in her schedule of assets her alleged pre-petition ownership interest in the subject property and the related cause of action against Mousouras. The proposed amendment was not palpably insufficient, did not prejudice Nunez, and was not totally devoid of merit. Accordingly, leave to amend the answer to assert this defense should have been granted (see Santori v Met Life, 11 AD3d 597 [2004]; Goldstein v St. John's Episcopal Hosp., 267 AD2d 426 [1999]).

The remaining contentions are unpreserved for appellate review as they are raised for the first time on appeal (see e.g.

*DeLeon v New York City Tr. Auth.*, 5 AD3d 531, 532 [2004]; *Cappolla v City of New York*, 302 AD2d 547, 549 [2003]), are based on matter dehors the record (*see Carhuff v Barnett's Bake Shop*, 54 AD2d 969 [1976]), or are without merit. Prudenti, P.J., Ritter, Fisher and Lifson, JJ., concur.