■ STACEY WHELAN, Appellant, v LANCE LONGO, Respondent. [808 NYS2d 95]—

In an action to recover damages for legal malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Molia, J.), dated April 13, 2004, which denied, as academic, her motion for summary judgment on the issue of liability, and granted the defendant's cross motion for summary judgment dismissing the complaint on the ground that she lacked the legal capacity to sue, and (2) a judgment of the same court entered June 22, 2004, which, upon the order, is in favor of the defendant and against her, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The failure of a plaintiff to disclose a cause of action as an asset in a prior bankruptcy proceeding, the existence of which the plaintiff knew or should have known existed at the time, deprived the plaintiff of the legal capacity to sue subsequently on that cause of action (*see Dynamics Corp. of Am. v Marine Midland Bank-N.Y.*, 69 NY2d 191 [1987]; *Santori v Met Life*, 11 AD3d 597, 599 [2004]; *123 Cutting Co. v Topcove Assoc.*, 2 AD3d 606, 607 [2003]; *Martinez v Desai*, 273 AD2d 447, 447-448 [2000]; *Goldstein v St. John's Episcopal Hosp.*, 267 AD2d 426, 427 [1999]; *Quiros v Polow*, 135 AD2d 697 [1987]). On the defendant's motion for summary judgment, he established his prima facie entitlement to judgment as a matter of law with respect to whether the plaintiff failed to disclose a legal malpractice cause of action against him in the schedule of assets in her prior bankruptcy proceeding, and whether she knew or should have known of the existence of the cause of action at the time she filed the bankruptcy petition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Based on the decision of the Supreme Court, Appellate Term, Ninth and Tenth Judicial Districts, dated January 31, 2002, in a case entitled *Whalen v Veltre*, the plaintiff knew or should have known of the facts allegedly giving rise to the legal malpractice cause of action at the time she filed her bankruptcy petition on February 28, 2002 (*see Dynamics Corp. of Am. v Marine Midland Bank-N.Y., supra; see also Weitz v Lewin*, 251 AD2d 402 [1998]; *Bromley v Fleet Bank*, 240 AD2d 611, 612 [1997]; *Cafferty v Thompson*, 223 AD2d 99, 101 [1996]; *Ervolino v Scappatura*, 162 AD2d 654, 655 [1990]). In response, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Conclusory allegations that a plaintiff did not disclose a cause of action in a prior bankruptcy proceeding because the plaintiff was not aware of the facts giving rise to the alleged cause of action at the time the bankruptcy petition was filed or because the plaintiff did not learn of the cause of action until after the conclusion of the bankruptcy proceedings are insufficient to raise a triable issue of fact (*see Dynamics Corp. of Am. v Marine Midland Bank-N.Y., supra* at 196-197; *Cafferty v Thompson, supra* at 101).

The plaintiff's remaining contentions are without merit. Schmidt, J.P., S. Miller, Santucci and Spolzino, JJ., concur.