■ NATIONWIDE ASSOCIATES, INC., Appellant, et al., Plaintiff, v JULES A. EPSTEIN et al., Respondents, et al., Defendant. [809 NYS2d 118]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff Nationwide Associates, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), dated June 16, 2004, as granted that branch of the motion of the defendants Jules A. Epstein and Jules A. Epstein, P.C., which was pursuant to CPLR 3211 (a) (4) and (7) to dismiss the complaint insofar as asserted against them by the plaintiff Nationwide Associates, Inc.

Ordered that the order is affirmed insofar as appealed from, with costs.

The failure of the plaintiff Nationwide Associates, Inc. (hereinafter Nationwide), to disclose any legal malpractice causes of action against the defendants in a prior bankruptcy proceeding deprived Nationwide of its legal capacity to sue on those causes of action (see Dynamics Corp. of Am. v Marine Midland Bank-N.Y., 69 NY2d 191 [1987]; Santori v Met Life, 11 AD3d 597, 599 [2004]; 123 Cutting Co. v Topcove Assoc., 2 AD3d 606, 607 [2003]; Martinez v Desai, 273 AD2d 447, 447-448 [2000]; Goldstein v St. John's Episcopal Hosp., 267 AD2d 426, 427 [1999]; Quiros v Polow, 135 AD2d 697 [1987]). The fact that Nationwide's bankruptcy proceeding was dismissed rather than discharged does not alter the effect of Nationwide's failure to disclose the claim it now seeks to assert here (see Kunica v St. Jean Fin., Inc., 233 BR 46 [1999]; Matter of Best v MetLife Auto & Home Ins. Co., 7 Misc 3d 242 [2004]). Moreover, unlike the situation presented in B.N. Realty Assoc. v Lichtenstein (21 AD3d 793 [2005]), where the petitioner in bankruptcy had disclosed the pendency of the action in which his counterclaims were asserted, there is no evidence in this record from which we can conclude that the other parties to Nationwide's bankruptcy proceeding would have been able, with some investigation, to discover the claims that Nationwide failed to disclose.

Nationwide's remaining contentions are without merit. Schmidt, J.P., S. Miller, Santucci and Spolzino, JJ., concur.