■ DIANE F. LEIBEL, Plaintiff, v FLYNN HILL ELEVATOR COMPANY, Defendant and Third-Party Plaintiff-Respondent. COUNTY OF SUFFOLK, Third-Party Defendant-Appellant. (And Another Action.) [809 NYS2d 519]—

In an action to recover damages for personal injuries, the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated September 23, 2004, as, upon reargument, granted the motion of the defendant third-party plaintiff for leave to amend its third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the contentions of the third-party defendant, County of Suffolk, the Supreme Court providently exercised its discretion in granting, upon reargument, that branch of the motion of the defendant third-party plaintiff (hereinafter the respondent) which was for leave to amend its third-party complaint (*see* CPLR 3025 [b]; *Nunez v Mousouras*, 21 AD3d 355 [2005]; *Hilltop Nyack Corp. v TRMI Holdings*, 275 AD2d 440 [2000]). The County failed to demonstrate that it would be prejudiced by the respondent's delay, and the proposed amendment was neither palpably insufficient nor totally devoid of merit (*see* CPLR 3025 [b]; *Nunez v Mousouras, supra; Hilltop Nyack Corp. v TRMI Holdings, supra; cf. Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys., Inc.*, 15 AD3d 523, 525 [2005]).

An indemnification provision in a contract in connection with the construction, repair, or maintenance of a building and appurtenances and appliances thereof that seeks to indemnify a party for its own negligence is void as against public policy and unenforceable (*see* General Obligations Law § 5-322.1; *see also*

*Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786, 795 [1997]; *Leibel v Flynn Hill El. Co.*, 16 AD3d 464, 465 [2005]; *Carriere v Whiting Turner Contr.*, 299 AD2d 509, 511 [2002]). However, insurance procurement provisions are valid and enforceable and are not proscribed by General Obligations Law § 5-322.1 (*see Kinney v Lisk Co.*, 76 NY2d 215, 218-219 [1990]; *Cappellino v Atco Mech.*, 273 AD2d 265 [2000]; *Reynolds v County of Westchester*, 270 AD2d 473, 474 [2000]). The County's contention to the contrary is without merit.

The County's remaining contentions are without merit. Goldstein, J.P., Mastro, Spolzino and Lunn, JJ., concur.