■ GERALDINE R. MONSON, Respondent, v RON S. ISRAELI et al., Appellants. [828 NYS2d 424]—

In an action, inter alia, to recover damages for medical malpractice, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Gigante, J.), dated May 25, 2005, as denied those branches of their motion which were for summary judgment dismissing the second, third, and fourth causes of action.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the fourth cause of action alleging loss of consortium and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendants.

The plaintiff, as the administratrix of her deceased husband's estate, commenced this action against the defendants to recover damages for her deceased husband's conscious pain and suffering and wrongful death predicated upon medical malpractice and lack of informed consent, and on her own behalf to recover damages for loss of consortium. During discovery, the defendants became aware that the plaintiff had filed a bankruptcy petition. The defendants subsequently moved for leave to amend their answers to assert the affirmative defense that the plaintiff

lacked the capacity to sue and for dismissal of the complaint, contending that the plaintiff's failure to have scheduled the instant action as an asset in the bankruptcy proceeding filed after the causes of action had accrued rendered the plaintiff without capacity to sue (*see e.g. Santori v Met Life*, 11 AD3d 597 [2004]). The Supreme Court granted the defendants leave to amend their answers and determined that the plaintiff lacked the capacity to sue on her own behalf because she had failed to list the action as an asset on the bankruptcy petition.

Contrary to the defendants' contention, the Supreme Court properly determined that the plaintiff, as the administratrix of her deceased husband's estate, had the capacity to prosecute the second and third causes of action seeking to recover damages for conscious pain and suffering predicated upon lack of informed consent and medical malpractice, respectively. A cause of action brought on behalf of the deceased to recover damages for conscious pain and suffering suffered by the deceased is personal to the deceased (*see Ratka v St. Francis Hosp.*, 44 NY2d 604, 609 [1978]). The plaintiff's deceased husband was not a party to the bankruptcy proceeding.

The Supreme Court, however, erred in failing to dismiss the derivative claim to recover damages for loss of consortium asserted in the fourth cause of action. A claim alleging loss of consortium is not encompassed within a wrongful death action (*see Liff v Schildkrout*, 49 NY2d 622, 632-633 [1980]). Such a cause of action may, of course, be permitted "to reflect loss of consortium during the period of decedent's conscious pain and suffering" as part of a personal injury action (*id.* at 634). However, since the cause of action alleging loss of consortium was brought in the plaintiff's individual capacity, it should have been dismissed upon the ground that the plaintiff lacks the capacity to sue on her own behalf (*see Coogan v Ed's Bargain Buggy Corp.*, 279 AD2d 445 [2001]; *Goldstein v St. John's Episcopal Hosp.*, 267 AD2d 426 [1999]). Goldstein, J.P., Skelos, Lunn and Covello, JJ., concur.