■ Maloney Carpentry, Inc., Appellant, v George Budnik et al., Respondents. [830 NYS2d 262]—

In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Putnam County (O'Rourke, J.), dated September 15, 2005, which granted the defendants' motion for leave to amend their answer.

Ordered that the order is affirmed, with costs.

Leave to amend or supplement pleadings should be freely granted unless the amendment sought is palpably improper or insufficient as a matter of law, or unless prejudice and surprise directly result from the delay in seeking the amendment (see CPLR 3025 [b]; McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp., 59 NY2d 755, 757 [1983]; Adams v Jamaica Hosp., 258 AD2d 604, 605 [1999]; Nissenbaum v Ferazzoli, 171 AD2d 654, 655 [1991]). Here, the defendants demonstrated that the proposed amendments have merit, and the plaintiff cannot claim prejudice or surprise since the proposed amendments arise out of the same facts as those underlying the action brought by the plaintiff (see Huntington v Trotta Auto

*Wreckers,* 257 AD2d 647 [1999]; *Nissenbaum v Ferazzoli, supra).* Moreover, under the circumstances, the defendants presented a reasonable excuse for the delay in seeking such relief (*cf. Andre-Long v Verizon Corp.,* 31 AD3d 353, 355 [2006]; *Huntington v Trotta Auto Wreckers, supra).* Accordingly, the Supreme Court providently exercised its discretion in granting the defendants' motion for leave to amend their answer.

The plaintiff's remaining contention is without merit. Schmidt, J.P., Crane, Fisher and Dickerson, JJ., concur.