■ MARTIN P. OCHS, Respondent, v VAUL TRUST, Defendant, and FRANK MANNINO et al., Appellants. [835 NYS2d 591]—

In an action to recover damages for personal injuries, the defendants Frank Mannino and Philip M. Licitra appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (McMahon, J.), dated May 2, 2006, as

denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that Dinusha P. Ratnayake did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and denied their cross motion for leave to amend their answer to assert the affirmative defense of lack of capacity to sue and to cap the amount of the plaintiff's damages at $7,500.

Ordered that the order is affirmed insofar as appealed from, with costs.

By submitting the affirmed reports of their orthopedic surgeon and radiologist, the defendants Frank Mannino and Philip M. Licitra (hereinafter the defendants) established, prima facie, that the injuries sustained by Dinusha P. Ratnayake were not serious within the meaning of Insurance Law § 5102 (d) (*see Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). However, the affidavit prepared by Ratnayake's treating chiropractor raised a triable issue of fact as to whether he sustained a "significant limitation of use of a body function or system" as a result of the accident (*see* Insurance Law 5102 [d]; *Kraemer v Henning,* 237 AD2d 492). Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.

The Supreme Court also properly denied the defendants' separate cross motion for leave to amend their answer to assert the affirmative defense of lack of capacity to sue and to cap the amount of the plaintiff's damages at $7,500. Unlike *Santori v Met Life* (11 AD3d 597 [2004]), and *Whelan v Longo* (23 AD3d 459 [2005], *affd* 7 NY3d 821 [2006]), relied upon by the defendants, this personal injury action was commenced before the filing of Ratnayake's bankruptcy petition, and thus, is considered property of the debtor under the US Bankruptcy Code (*see* 11 USC § 541 [a] [1]; *Martinez v Desai,* 273 AD2d 447, 448 [2000]). Where a trustee is appointed, as here, the personal injury claim then vests in the bankruptcy trustee (*see Dynamics Corp. of Am. v Marine Midland Bank-N.Y.,* 69 NY2d 191, 195 [1987]; *Mehlenbacher v Swartout,* 289 AD2d 651, 652 [2001]; *DeLarco v DeWitt,* 136 AD2d 406, 408 [1988]). The bankruptcy trustee properly listed Ratnayake's personal injury action as an unliquidated contingent claim on schedule B of the bankruptcy petition, which had the effect of preserving the claim for administration through the bankruptcy court. The value of Ratnayake's interest in the personal injury claim was listed as the full $7,500 personal exemption permitted under 11 USC § 522 (b) (2). The bankruptcy trustee therefore established his capacity to pursue the personal injury action as property of the

debtor and, contrary to the defendants' contention, the trustee was not required to also list on Schedule B categories of potential damages to preserve the right to any recovery beyond the $7,500 personal exemption. Because the theory upon which the defendants based their cross motion for leave to amend their answer was clearly without merit, it was properly denied (*see City of New York v Zurich-American Ins. Group*, 27 AD3d 609, 611 [2006]). Santucci, J.P., Krausman, Lifson and Dillon, JJ., concur.