(October 2, 2007)

■ RODOLFO ALATORRE, Respondent, v HEE JU CHUN et al., Appellants. [848 NYS2d 174]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated August 23, 2006, as denied that branch of their motion which was for leave to serve an amended answer, and (2) so much of an order of the same court dated February 7, 2007, as denied that branch of their motion which was for leave to renew the prior motion.

Ordered that the order dated August 23, 2006 is reversed insofar as appealed from, on the law, that branch of the motion which was for leave to serve an amended answer is granted, and the defendants are directed to serve their amended answer within 30 days after service upon them of a copy of this decision and order; and it is further,

Ordered that the appeal from the order dated February 7, 2007 is dismissed as academic; and it is further,

Ordered that the defendants are awarded one bill of costs.

"Leave to amend or supplement pleadings should be freely granted unless the amendment sought is palpably improper or insufficient as a matter of law, or unless prejudice and surprise directly result from the delay in seeking the amendment" (*Maloney Carpentry, Inc. v Budnik,* 37 AD3d 558, 558 [2007]; *see Emilio v Robison Oil Corp.,* 28 AD3d 417, 418 [2006]; CPLR 3025 [b]).

We cannot conclude, as a matter of law, that the exclusive remedy provisions of Workers' Compensation Law §§ 11 and 29 (6) have no possible application in this case. Rather, the viability of that affirmative defense turns on as yet unresolved issues of fact. Moreover, the plaintiff, who applied for and received workers' compensation benefits in connection with the subject accident and was well aware that the defendant Hee Ju Chun was a co-employee, would be neither surprised nor prejudiced by the proposed amendment. Inasmuch as the proposed amendment was neither palpably insufficient as a matter of law nor patently devoid of merit, leave to amend the answer should have been granted (*see Crespo v Pucciarelli,* 21 AD3d 1048, 1049 [2005]; CPLR 3025 [b]; *cf. Jacobsen v Amedio,* 218 AD2d 872 [1995]).

In light of our determination, we need not address whether that branch of the defendants' motion which was for leave to renew was properly denied. Spolzino, J.P., Krausman, Fisher and Angiolillo, JJ., concur.