■ ARI YEMINI et al., Appellants, v ODED GOLDBERG et al., Respondents. ANO, INC., et al., Additional Defendants. (And Another Title.) [848 NYS2d 676]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Austin, J.), entered November 2, 2006, as granted those branches of the defendants' motion which were for leave to serve an amended answer and counterclaim.

Ordered that the order is affirmed insofar as appealed from, with costs.

"Leave to amend or supplement pleadings should be freely granted unless the amendment sought is palpably improper or insufficient as a matter of law, or unless prejudice and surprise directly result from the delay in seeking the amendment" (*Maloney Carpentry, Inc. v Budnik*, 37 AD3d 558, 558 [2007]; *see Alatorre v Hee Ju Chun*, 44 AD3d 596 [2007]; *Bajanov v Grossman*, 36 AD3d 572, 573 [2007]; *Leibel v Flynn Hill El. Co.*, 25 AD3d 768 [2006]; *Sample v Levada*, 8 AD3d 465, 467-468 [2004]). Here, the plaintiffs did not establish that the counterclaims sought to be asserted in the defendants' proposed amended answer are palpably improper or insufficient as a matter of law (*see Maloney Carpentry, Inc. v Budnik*, 37 AD3d at 558). Nor did the plaintiffs establish that the defendants' delay in seeking leave to amend prejudiced or surprised them. The defendants sought leave to serve the amended answer and counterclaims only one year after the action was commenced, after limited discovery had been conducted. The plaintiffs did not establish that they "incurred some change in position or hindrance in the preparation of [their] case which could have been avoided had the original pleading contained the proposed amendment" (*Whalen v Kawasaki Motors Corp., U.S.A.*, 92 NY2d 288, 293 [1998]). Krausman, J.P., Fisher, Angiolillo and Balkin, JJ., concur.