■ JOSEPH LYNCH, Appellant, v DENNIS MICHAEL LYNCH et al., Respondents. [849 NYS2d 181]—

In an action, inter alia, to set aside a deed, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Costello, J.), entered October 27, 2006, which denied his motion for leave to amend the complaint, granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint, and dismissed the complaint.

Ordered that the order and judgment is reversed, on the law, with costs, that branch of the defendants' cross motion which was for summary judgment dismissing the complaint is denied, the complaint is reinstated, the plaintiff's motion for leave to amend the complaint is granted, and the amended complaint attached to the motion papers is deemed served.

The plaintiff's initial complaint set forth various causes of action, including one to set aside a deed dated July 8, 2003, on the ground that without the plaintiff's knowledge or consent, the defendant Dennis Michael Lynch signed the plaintiff's name on that deed in order to convey title of certain real property owned by the plaintiff to him. After issue was joined, the plaintiff moved for leave to amend the complaint to add undue influence, fraud in the execution, unjust enrichment, and breach of contract as additional grounds to set aside the deed. Thereafter, the defendants cross-moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court denied the plaintiff's motion for leave to amend the complaint and granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint. We reverse.

Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying the plaintiff's motion for leave to amend his complaint, as the proposed amendment was neither palpably insufficient nor patently devoid of merit, and there was no evidence that it would prejudice or surprise the defendants (see CPLR 3025 [b]; *Bajanov v Grossman*, 36 AD3d 572, 573 [2007]; *Consolidated Payroll Servs., Inc. v Berk*, 18 AD3d 415 [2005]).

Moreover, the Supreme Court improperly granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint where, as here, pertinent additional discovery remained outstanding (see CPLR 3212 [f]). Rivera, J.P., Covello, Angiolillo and Dickerson, JJ., concur.