■ COMPLETE MANAGEMENT, INC., Respondent, v SANFORD A. RUBENSTEIN et al., Appellants. [903 NYS2d 439]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Kings County (Knipel, J.), dated June 16, 2008, as denied those branches of their motion which were for summary judgment dismissing so much of the complaint as sought to recover upon certain liens/assignments, and (2) stated portions of an order of the same court dated July 13, 2009, which, inter alia, denied that branch of their motion which was for leave to amend their answer to assert the affirmative defense of lack of capacity to sue and, as, upon reargument, adhered to the original determination deny-

ing those branches of their motion which were for summary judgment dismissing so much of the complaint as sought to recover upon certain liens/assignments.

Ordered that the appeal from the order dated June 16, 2008, is dismissed, without costs or disbursements, as the portion of the order appealed from was superseded by the order dated July 13, 2009, made upon reargument; and it is further,

Ordered that the order dated July 13, 2009, is modified, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, by deleting the provision thereof denying that branch of the defendants' motion which was for leave to amend the answer to assert the affirmative defense of lack of capacity to sue, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from.

Contrary to the defendants' contention, the Supreme Court properly denied those branches of their motion which were for summary judgment dismissing so much of the complaint as seeks to recover upon certain liens/assignments allegedly entered into by the defendants' clients and the plaintiff's predecessor-in-interest. In opposition to the defendants' prima facie showing of their entitlement to judgment as a matter of law with regard to those liens/assignments which were missing the defendants' signature and/or other information (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), the plaintiff's submissions raised triable issues of fact as to whether it was entitled to recovery upon those liens/assignments (*see Leon v Martinez*, 84 NY2d 83, 88-89 [1994]; *Brinkman v Moskowitz*, 38 Misc 2d 950, 951 [1962]).

However, the Supreme Court improvidently exercised its discretion in denying that branch of the defendants' motion which was for leave to amend their answer to assert the affirmative defense of lack of capacity to sue. Although the defendants waived this defense by failing to raise it in their answer or in a motion to dismiss made prior to answering (*see* CPLR 3211 [a] [3]; [e]; *FBB Asset Mgrs. v Freund*, 2 AD3d 573, 574 [2003]; *Harte v Richmond County Sav. Bank*, 224 AD2d 585, 586 [1996]), " 'defenses waived under CPLR 3211 (e) can nevertheless be interposed in an answer amended by leave of court pursuant to CPLR 3025 (b) so long as the amendment does not cause the other party prejudice or surprise resulting directly from the delay' " (*Nunez v Mousouras*, 21 AD3d 355, 356 [2005], quoting *Endicott Johnson Corp. v Konik Indus.*, 249 AD2d 744, 744 [1998]). Under the circumstances of this case, the granting of leave to amend would not have resulted in prejudice or

surprise to the plaintiff, and the proposed amendment was neither palpably insufficient nor totally devoid of merit (*see Bajanov v Grossman*, 36 AD3d 572, 573 [2007]; *Nunez v Mousouras*, 21 AD3d at 356).

The defendants' remaining contentions are without merit. Covello, J.P., Dickerson, Eng and Austin, JJ., concur.