OPINION OF THE COURT
John M. Galasso, J.
Defendant’s application to dismiss the complaint by a motion for summary judgment, which the court considers under CPLR *813 3211 (a) (1), (3), (5) and (7) for plaintiffs lack of capacity to sue in the first instance, is granted.
In this dental malpractice litigation, plaintiff Valerie Sotille in her individual capacity commenced the action by filing a summons and complaint on November 28, 2006. The malpractice in the complaint was alleged to have occurred between June 8, 1996 and October 9, 2004. This period was modified in the bill of particulars to between April 28, 2003 and October 3, 2004.*
On May 11, 2004, plaintiff, as debtor, filed a voluntary petition seeking relief from her creditors pursuant to chapter 7 of the Bankruptcy Code (11 USC). On June 25, 2004, the bankruptcy trustee filed his report of no distribution, the matter was discharged on September 3, 2004 and terminated on October 25, 2004 (Bankr Ct, ED NY, case No. 804-83123).
At no time was the trustee made aware of a possible malpractice claim and it was not listed as an asset in plaintiffs petition.
Upon learning of the action at bar, the trustee sought to reopen plaintiff s/debtor’s case to allow the pursuit of this malpractice action for the benefit of the estate (see 11 USC § 350 [b]; § 101 et seq.). Such an application would include all claims and causes of action which the debtor knew or should have known about and which had accrued as of the date of the debtor’s bankruptcy filing.
Subsequently, the Honorable Dorothy T. Eisenberg reopened the bankruptcy petition permitting the trustee to administer an undisclosed asset.
The action at bar was marked in stay status pending the Bankruptcy Court’s above determination. Now that the trustee by special counsel (who was plaintiffs original attorney) is authorized to act on behalf of the bankruptcy estate in this court, the action has been restored to active status, including defendant’s instant application.
The question before the court at this juncture is whether plaintiff, in her individual capacity, had standing to commence the malpractice lawsuit in the first instance. If she did not, due to the bankruptcy filing, the complaint must be dismissed with no possibility of the bankruptcy trustee pursuing the action as an asset since the statute of limitations has expired (CPLR *814 214-a; 205 [a]; see Reynolds v Blue Cross of Northeastern N.Y., 210 AD2d 619 [1994]).
Plaintiffs bankruptcy estate opposes defendant’s motion to dismiss, arguing that defendant’s dental treatment was rendered both before and even after the chapter 7 petition was filed on May 11, 2004. Thus the issue of plaintiffs so-called failure to disclose this claim to the trustee is not fatal because treatment had not ceased before the bankruptcy application was discharged on September 3, 2004.
This argument is unpersuasive.
Plaintiffs bankruptcy estate confuses the doctrine of continuous treatment as it applies to tolling the statute of limitations in malpractice actions with the question of accrual when there is a viable cause of action for the purposes of inclusion in the bankruptcy proceeding (see CPLR 214-a; Matter of Daniel J. v New York City Health & Hosps. Corp., 77 NY2d 630 [1991]; see also LaBello v Albany Med. Ctr. Hosp., 85 NY2d 701 [1995]).
Defendant has sufficiently demonstrated by the Bankruptcy Court records and Valerie Sotille’s dental records, provided by her to defendant in the bill of particulars with response to demands dated June 11, 2008, that the alleged malpractice to which the litigation refers occurred prior to and including April 28, 2003 when the final bridge was completed.
This is the accrual date.
Any assertion by counsel in opposition that plaintiff did not know she had a potential malpractice claim when she filed for bankruptcy is conclusory and thus insufficient to raise a triable issue of fact without the support of an affidavit by Valerie Sotille (see Whelan v Longo, 23 AD3d 459 [2005], affd 7 NY3d 821 [2006]; see also Coogan v Ed’s Bargain Buggy Corp., 279 AD2d 445 [2001]).
In any event, an innocent failure to schedule an unliquidated claim of this nature is immaterial to the question at bar (see Dynamics Corp. of Am. v Marine Midland Bank-NY., 69 NY2d 191 [1987]; Whelan v Longo, supra).
Moreover, it is evident that plaintiff Sotille’s bridge fell out some time before June 17, 2004 when she attended a dental appointment. Since the bankruptcy petition was filed on May 11, 2004, it can be determined it was at. most five weeks afterward that Ms. Sotille knew or should have known of defendant’s alleged malpractice and her potential claim against him, 2V2 months before the matter was discharged.
*815 Consequently, the court determines that the litigation commenced by plaintiff in her individual capacity was improper since the subject matter was rightfully part of the bankruptcy estate, the sole entity authorized to have standing to sue on November 28, 2006.
Accordingly, defendant’s motion is granted and, since as noted above the action does not survive substitution of the estate nor may it be substituted nunc pro tunc, the complaint is dismissed in its entirety.

 It appears these dates are in error because April 28, 2003 was the day the dental bridge in question was completed and, according to her dental records, plaintiff did not have an appointment scheduled on October 3, 2004 {cf. Richardson v Orentreich, 64 NY2d 896 [1985]).