Jean-Paul v 67-30 Dartmouth St. Owners Corp. (2019 NY Slip Op 05965)





Jean-Paul v 67-30 Dartmouth St. Owners Corp.


2019 NY Slip Op 05965


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-02637
 (Index No. 12550/14)

[*1]Chantal Jean-Paul, appellant,
v
67-30 Dartmouth St. Owners Corp., respondent.


Law Offices of Effie Soter, P.C., New York, NY (Dimitrios Kourouklis of counsel), for appellant.
Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka and Andrea M. Alonso of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Thomas D. Raffaele, J.), dated November 3, 2017. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On April 23, 2013, the plaintiff allegedly was injured when she slipped and fell while on the defendant's premises. By summons and complaint dated January 25, 2014, the plaintiff commenced this action to recover damages for personal injuries.
On October 1, 2015, the plaintiff filed a petition under chapter 7 of the United States Bankruptcy Code. The petition was subsequently dismissed in May 2016.
In February 2017, the defendant moved for, inter alia, summary judgment dismissing the complaint on the ground that the plaintiff lacked the legal capacity to sue. The plaintiff opposed the defendant's motion. By order dated November 3, 2017, the Supreme Court, inter alia, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint. The plaintiff appeals.
"The failure of a party to disclose a cause of action as an asset in a prior bankruptcy proceeding, which the party knew or should have known existed at the time of that proceeding, deprives him or her of the legal capacity to sue subsequently on that cause of action'" (Potruch & Daab, LLC v Abraham, 97 AD3d 646, 647, quoting Whelan v Longo, 23 AD3d 459, 460, affd 7 NY3d 821).
Here, it is undisputed that the plaintiff did not disclose, in the bankruptcy petition that she filed in October 2015, the existence of the cause of action to recover damages for personal injuries that she had previously asserted against the defendant. The defendant established, prima [*2]facie, that when the petition was filed, the plaintiff knew or should have known of the existence of her cause of action, and the plaintiff failed to raise a triable issue of fact in opposition to that prima facie showing (see Potruch & Daab, LLC v Abraham, 97 AD3d at 647; Nationwide Assoc., Inc. v Epstein, 24 AD3d 738, 739). Accordingly, we agree with the Supreme Court's determination granting that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that the plaintiff lacked the legal capacity to sue.
In light of our determination, we need not address the parties' contentions regarding the doctrine of judicial estoppel.
RIVERA, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court