Vinogradov v Bay Plaza Apts Co., LLC (2020 NY Slip Op 08104)





Vinogradov v Bay Plaza Apts Co., LLC


2020 NY Slip Op 08104


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-07381
 (Index No. 503388/17)

[*1]Naum Vinogradov, etc., respondent, 
v
Bay Plaza Apts Co., LLC, et al., appellants.


Margaret G. Klein (Mauro Lilling Naparty LLP, Woodbury, NY [Seth M. Weinberg, Ifza Riaz, and Ashley N. Guarino], of counsel), for appellants Bay Plaza Apts Co., LLC, and M & R Management, Co., Inc.
Heidell, Pittoni, Murphy & Bach, LLP, White Plains, NY (Daniel S. Ratner and Daryl Paxson of counsel), for appellant Bestcare, Inc.
Sauchik & Giyaur, P.C., New York, NY (Alec Sauchik of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for wrongful death and conscious pain and suffering, the defendant Bestcare, Inc., appeals, and the defendants Bay Plaza Apts Co., LLC, and M & R Management, Co., Inc., separately appeal, from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated May 10, 2019. The order, insofar as appealed from, denied those branches of the defendants' separate motions which were to dismiss the complaint insofar as asserted against each of them for lack of capacity to sue.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants' separate motions which were to dismiss the cause of action to recover damages for wrongful death insofar as asserted against each of them for lack of capacity to sue, and substituting therefor a provision granting those branches of the motions; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff, as the administrator of the estate of his deceased mother (hereinafter the decedent), commenced this action against the defendants to recover damages for the decedent's wrongful death and conscious pain and suffering. During discovery, the defendants became aware that the plaintiff had filed a bankruptcy petition. The defendants separately moved, inter alia, to dismiss the complaint insofar as asserted against each of them, contending that the plaintiff's failure to schedule the instant action as an asset in the bankruptcy proceeding rendered the plaintiff without capacity to sue. The Supreme Court, among other things, denied those branches of the defendants' respective motions. The defendants separately appeal.
We agree with the Supreme Court's determination that the plaintiff, as the administrator of the decedent's estate, had the capacity to prosecute the cause of action to recover damages for conscious pain and suffering. A cause of action brought on behalf of a deceased to recover damages for conscious pain and suffering is "personal to the deceased and belongs to the estate, not the distributees" (Heslin v County of Greene, 14 NY3d 67, 77). The decedent was not a [*2]party to the bankruptcy proceeding. Accordingly, the bankruptcy did not affect the plaintiff's capacity to prosecute the cause of action to recover damages for conscious pain and suffering on behalf of the decedent's estate (see Monson v Israeli, 35 AD3d 680, 681).
The Supreme Court, however, should have granted those branches of the defendants' separate motions which were to dismiss the cause of action to recover damages for wrongful death insofar as asserted against each of them. "A cause of action to recover damages for wrongful death is a property right belonging solely to the distributees of the decedent and vests in them at the decedent's death" (Carter v New York City Health & Hosps. Corp., 47 AD3d 661, 663 [internal quotation marks omitted]; see EPTL 5-4.4 [a]). It is undisputed that the cause of action to recover damages for wrongful death vested in the plaintiff as the sole distributee of the estate prior to the filing of the bankruptcy petition. Accordingly, as the plaintiff failed to schedule the wrongful death claim in the bankruptcy proceeding, it is subject to dismissal in this action on the ground that the plaintiff lacks the capacity to pursue the claim (cf. Monson v Israeli, 35 AD3d at 681).
In light of the foregoing, we need not reach the defendants' remaining contentions.
DILLON, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court