■ Maxton Builders, Inc., Appellant-Respondent, v Richard Lo Galbo et al., Respondents-Appellants. (And a Third-Party Action.)—In an action to recover damages for breach of a contract for the sale of real property, plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Kelly, J.), dated July 23, 1984, as denied that branch of its motion which was for summary judgment, and defendants cross-appeal, as limited by their brief, from so much of the same order as denied their motion for summary judgment dismissing the complaint.

Order modified, on the law, by deleting therefrom the provision which denied that branch of the plaintiff's motion which was for summary judgment in its favor and substituting therefor a provision granting that branch of plaintiff's motion. As so modified, order affirmed, insofar as appealed from, without costs or disbursements.

We agree with Special Term's conclusion that the purported exercise by defendants of their right to cancel the subject contract was ineffectual and that they, therefore, wrongfully repudiated the contract *(see, Sy Jack Realty Co. v Pergament Syosset Corp.,* 27 NY2d 449, 452). However, Special Term erred

in holding that there was a question of fact as to whether plaintiff's claim to the deposit constituted the seeking of a penalty which would be abhorrent to the law. Where there is a willful default by the vendee or a repudiation of the contract of purchase upon which a down payment has been made, it is settled in this State that the vendee may not recover his down payment even though the vendor resells the premises for a sum equal to or greater than the contract price *(Johnson v Werner,* 63 AD2d 422, 424; *Silverstein v United Cerebral Palsy Assn.,* 17 AD2d 160, 164-165). It is immaterial that the vendor may be inequitably enriched by a denial to the vendees of a recovery of their down payment *(Silverstein v United Cerebral Palsy Assn., supra,* at p 164; *Poggioli v Liebegott,* 77 Misc 2d 449, 453).

We have examined defendants' remaining contentions and find them to be without merit. Mangano, J. P., Rubin, Lawrence and Eiber, JJ., concur.