■ Fady Isa, Respondent, v Gas Elezaj Corp., Also Known as Elezaj Gas Corp., et al., Defendants, and Motiva Enterprises, LLC, Appellant. [760 NYS2d 178] —Motion by the respondent, inter alia, for reargument of an appeal from an order of the Supreme Court, Westchester County, entered December 10, 2001, which was determined by decision and order of this Court dated November 18, 2002 (299 AD2d 454).

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the branch of the motion which is for reargument is granted, and upon reargument, the decision and order dated November 18, 2002, is recalled and vacated and the following decision and order is substituted therefor; and it is further,

Ordered that the motion is otherwise denied.

In an action, inter alia, to enjoin the defendants from conveying a gasoline service station to anyone except the plaintiff, the defendant Motiva Enterprises, LLC, appeals from an order of the Supreme Court, Westchester County (Rudolph, J.), entered December 10, 2001, which granted the plaintiff's motion for a preliminary injunction, and denied its cross motion to dismiss the complaint insofar as asserted against it. Justice Ritter has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

On June 25, 2001, the plaintiff entered into a contract to purchase a Texaco gasoline service station (hereinafter the station) from the defendants Gas Elezaj Corp., also known as Elezaj Gas Corp., and Sebije Elezaj (hereinafter collectively referred to as Elezaj). Elezaj has a franchise relationship with

the defendant Motiva Enterprises, LLC (hereinafter Motiva), which supplies the gasoline, leases the premises, and authorizes the use of the "Texaco" trademark at the station. The franchise relationship between Elezaj and Motiva is governed by a retail sales agreement and a retail facility lease which, inter alia, afford Motiva a right of first refusal in the event of a potential sale, transfer, or assignment of the station. Specifically, the retail sales agreement provides, in relevant part, as follows: "Right of First Refusal. [Elezaj] may not Transfer any of [its] interest in this Agreement without first offering, in writing, to Transfer the same to [Motiva] or its designee on terms and conditions which are the same as those of the proposed Transfer to a third party (Transferee). [Motiva] will have 30 days after receipt of the offer and a complete and exact copy of the Transferee offer to accept or reject the offer" (emphasis added).

The retail facility lease contains a virtually identical provision.

On June 27, 2001, Elezaj informed Motiva of the contract to sell the station to the plaintiff and delivered a copy of the proposed contract of sale to Motiva. On July 6, 2001, Elezaj, as required by the agreements, offered Motiva in writing the right of first refusal.

By letter dated July 31, 2000, Motiva notified Elezaj that it elected to exercise the right of first refusal and purchase Elezaj's interest in the franchise. The plaintiff commenced this action, contending that Motiva's purported exercise of its right of first refusal was invalid since it was not done within 30 days of Elezaj's delivery of a copy of the proposed contract of sale to the plaintiff on June 27, 2001. Motiva cross-moved to dismiss the complaint insofar as asserted against it, asserting that the 30-day period which it had to exercise the right of first refusal did not begin to run until July 6, 2001, when it received the written offer of the right of first refusal from Elezaj. The Supreme Court granted the plaintiff's motion for a preliminary injunction, inter alia, enjoining the defendants from transferring the station and denied Motiva's cross motion to dismiss the complaint insofar as asserted against it. The Supreme Court found that Elezaj's delivery of the contract to Motiva on June 27, 2001, established prima facie compliance with the right of first refusal provision of the agreements, and that Motiva's purported exercise of the right, more than 30 days thereafter, was untimely.

On appeal, Motiva argues that because it received the written right of first refusal on July 6, 2001, pursuant to the agree-

ments, it had 30 days from that date to exercise or decline its right of first refusal with respect to the plaintiff's proposed purchase of the station. The Supreme Court should have denied the plaintiff's motion for a preliminary injunction and granted Motiva's cross motion to dismiss the complaint insofar as asserted against it.

"A familiar and eminently sensible proposition of law is that, when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms" (*W.W.W. Assoc. v Giancontieri,* 77 NY2d 157, 162 [1990]). Here, the provisions of the retail sales agreement and the retail facility lease concerning Motiva's right of first refusal clearly required that the right of first refusal be offered in writing, and afforded Motiva 30 days from receipt of both the written offer of first refusal, and a copy of the proposed contract of sale, to exercise the right. As such, Motiva timely and effectively exercised the right within 30 days of its receipt of the written offer of first refusal, subsequent to its receipt of the proposed contract of sale to the plaintiff. The plaintiff's entire case against Motiva, including its eighth cause of action, purportedly based, inter alia, on tortious interference with contract, is predicated upon the contention that Motiva did not validly exercise the right of first refusal. We have rejected that contention. Accordingly, the plaintiff's motion for a preliminary injunction must be denied, Motiva's cross motion to dismiss the complaint insofar as asserted against it must be granted, and the action against the remaining defendants severed. Ritter, J.P., Santucci, Feuerstein and Luciano, JJ., concur.