■ DIANNE D. HASSMAN, Appellant, v PAUL INGALLS et al., Respondents. [787 NYS2d 906]—

Rose, J. Appeal from an order of the Supreme Court (O'Brien, III, J.), entered May 24, 2004 in Otsego County, which granted defendants' motion for summary judgment dismissing the complaint.

In December 2003, plaintiff entered into a contract for the purchase of certain real property in Otsego County from defendants Paul Ingalls, Rodney Ingalls and Virginia Ingalls (hereinafter collectively referred to as defendants). The contract was expressly made subject to a right of first refusal purchase option that had been previously granted by defendants to defendant Cooperstown Properties (hereinafter CP). This condition provided that CP could exercise its option to purchase the subject property if, within 30 days after receiving notice of a bona fide purchase offer from a third party, CP offered to purchase the property for the same price. Defendants notified CP of plaintiff's offer and CP responded within 30 days by making a $20,000 down payment and communicating its intent to exercise its option as long as the third-party offer was bona fide. Plaintiff then commenced this action for specific performance of her contract with defendants, alleging that CP's exercise of the option was ineffective because it was conditioned on plaintiff's offer being bona fide. When defendants and CP moved for summary judgment dismissing the action, Supreme Court granted their motion, finding that CP timely exercised its option. We agree.

Since there is no allegation by plaintiff or any other party that plaintiff's offer was not bona fide, CP's exercise of the option was effective and it is undisputed that defendants accepted CP's offer. Accordingly, plaintiff failed to raise a question of fact as to CP's exercise of the option, and Supreme Court properly granted summary judgment dismissing the complaint (see *Isa v Gas Elezaj Corp.*, 303 AD2d 636, 638 [2003]; *34th & 7th Ave. v 152 W. 34th St.*, 269 AD2d 153, 154 [2000]).

Mercure, J.P., Crew III, Spain and Kane, JJ., concur. Ordered that the order is affirmed, without costs.