■ NATIONAL LAND AND BUILDING CORPORATION, Appellant, v KHURSHID A. KAZIM, Respondent, et al., Defendant. [810 NYS2d 132]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered December 10, 2004, which denied plaintiff's motion for summary judgment and granted defendant Kazim's cross motion for summary judgment dismissing the complaint as against her, unanimously affirmed, with costs.

Title to the property was not rendered unmarketable by virtue of defendant Clear Channel's earlier attempt to exercise its

right of first refusal with respect to a prior offer for $1.2 million. That effort was clearly untimely and ineffective. When advised of the Kazim contract on February 26, 2004, Clear Channel elected not to exercise its right of first refusal to purchase the property for $1.4 million. Clear Channel cannot "revive" the prior, ineffective exercise in an attempt to block the sale of the property (*see Matter of Temple of Emanu-El of Boro Park v Attorney General of State of N.Y.*, 240 AD2d 752 [1997]), nor can plaintiff rely on the threat of litigation to render the title unmarketable. The mere possibility of a defect, which has no probable basis, as here, does not render title unmarketable (*see Regan v Lanze*, 40 NY2d 475, 482 [1976]).

The motion court did not err in finding that Kazim had standing to contest the validity of the purported exercise of Clear Channel's right of first refusal. Kazim, who entered into a contract for the purchase of property that was expressly subject to Clear Channel's right of first refusal, was certainly aggrieved by plaintiff's reliance on Clear Channel's purported exercise of its right of first refusal in seeking to cancel the Kazim contract. To hold otherwise would place a purchaser in the precarious position of being unable to vindicate its contractual rights, while allowing a seller to rely on any spurious claim so long as it implicated a third party's rights, in order to avoid a contract with impunity. Under such circumstances, as the motion court observed, a would-be purchaser would be unable to determine the validity of a third party's claim to property, or to prevent collusion between a seller and such third-party purchaser (*see also Isa v Gas Elezaj Corp.*, 303 AD2d 636 [2003]). Concur—Buckley, P.J., Andrias, Friedman, Marlow and Gonzalez, JJ.