■ 97TH STREET HOLDINGS, LLC, Appellant, v EAST SIDE TENANTS CORPORATION, Respondent, et al., Defendant. [918 NYS2d 421]—

The parties, sophisticated business people represented by counsel at the time they entered the contract of sale, did not condition 97 LLC's performance under the contract upon East Side's procurement of a waiver of liability from an adjoining landowner as to alleged damage caused by the structurally unsound condition of the building on the property to be sold. Nor did the parties' agreement obligate East Side to obtain a consent from the neighboring owner to 97 LLC's proposed construction along the party wall (*see generally* RPAPL 881). To impute such obligations from generalized language found in the contract's further assurances clause (para 28 [g]), as 97 LLC advocates, would amount to a reformation of the contract without basis (*see generally Chimart Assoc. v Paul*, 66 NY2d 570, 574 [1986]). The record demonstrates that East Side fully disclosed the condition of the property pre-contract signing, and afforded 97 LLC a sufficient due diligence period to make appropriate inquiries necessitated by its proposed construction plans. 97 LLC has not shown that East Side breached any material term under the contract of sale, and 97 LLC's own unjustified failure to close by a law date reasonably set by East Side constituted a material breach warranting forfeiture of its down payment (*see Maxton Bldrs. v Lo Galbo*, 113 AD2d 923 [1985], *affd* 68 NY2d 373 [1986]). 97 LLC's unsubstantiated argument that potential litigation concerns had affected the marketability of the subject property, and thus excused it from its obligations under the agreement, is unavailing (*see e.g. National Land & Building Corp. v Kazim*, 25 AD3d 513, 514 [2006]; *Argent Mtge. Co., LLC v Leveau*, 46 AD3d 727 [2007]). 97 LLC failed to proffer evidence of a title defect that might excuse its nonperformance under the contract (*see generally Regan v Lanze*, 40 NY2d 475 [1976]).

The parties' requests for sanctions are denied. Concur—Tom, J.P., Sweeny, Renwick, Freedman and Manzanet-Daniels, JJ.