Golden Jubilee Realty, LLC v Castro (2021 NY Slip Op 04541)





Golden Jubilee Realty, LLC v Castro


2021 NY Slip Op 04541


Decided on July 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2019-04187
 (Index No. 525014/17)

[*1]Golden Jubilee Realty, LLC, et al., appellants,
v
Claude Castro, et al., respondents.


Gregory L. Smith, Brooklyn, NY, for appellants.
Winget Spadafora & Schwartzberg, LLP, New York, NY (Matthew Tracy of counsel), for respondent Robert A. Pacht.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated February 20, 2019. The order, insofar as appealed from, granted the motion of the defendant Robert A. Pacht and the separate motion of the defendants Claude Castro and Claude Castro & Associates, PLLC, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting those branches of the motion of the defendant Robert A. Pacht which were pursuant to CPLR 3211(a) to dismiss the causes of action to recover damages for legal malpractice and tortious interference with contract insofar as asserted against him, and substituting therefor a provision denying those branches of the motion, and (2) by deleting the provision thereof granting that branch of the motion of the defendants Claude Castro and Claude Castro & Associates, PLLC, which was pursuant to CPLR 3211(a) to dismiss the cause of action to recover damages for legal malpractice insofar as asserted against them, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.
In April 2012, the plaintiff Golden Jubilee Realty, LLC (hereinafter Golden Jubilee), entered into a contract of sale (hereinafter the contract) with nonparty Shlomo Karpen whereby Golden Jubilee agreed to sell to Karpen certain real property in Brooklyn (hereinafter the property). The defendant Robert A. Pacht represented Golden Jubilee in that transaction.
The closing did not occur pursuant to the terms of the contract, and Karpen commenced an action against Golden Jubilee, inter alia, for specific performance of the contract (hereinafter the Karpen action). Golden Jubilee retained the defendants Claude Castro and Claude Castro & Associates, PLLC (hereinafter together the Castro defendants), to represent it in the Karpen action. Karpen cross-moved for summary judgment on the cause of action for specific performance, and in an order dated April 2, 2015, the Supreme Court, among other things, granted Karpen's cross motion. Golden Jubilee appealed from so much of the order as granted Karpen's cross motion, and in a decision and order dated January 17, 2018, this Court affirmed that order insofar as appealed from (see Karpen v Golden Jubilee Realty, LLC, 157 AD3d 779).
On December 29, 2017, Golden Jubilee commenced the instant action, inter alia, to recover damages for legal malpractice. The complaint was later amended, among other things, to include as plaintiffs Anjli Kakwani and Rachna Shahdadpuri, both of whom were members of Golden Jubilee, and to allege causes of action to recover damages for tortious interference with contract. The amended complaint alleged that Pacht drafted and executed the contract without the approval of a majority of Golden Jubilee's members, in violation of both its operating agreement and Limited Liability Company Law § 402(d)(2). The amended complaint further alleged that, despite being aware of the availability of this defense, the Castro defendants failed to assert it in the Karpen action. In addition, the amended complaint alleged that both Pacht and the Castro defendants knowingly engaged in unauthorized representation, since they each were aware that their retention as the respective transactional and litigation attorneys for Golden Jubilee occurred without the approval of a majority of its members.
Pacht moved, and the Castro defendants separately moved, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against each of them. The Supreme Court, inter alia, granted both motions, and the plaintiffs appeal.
The Supreme Court erred in granting that branch of Pacht's motion which was pursuant to CPLR 3211(a)(3) to dismiss the amended complaint insofar as asserted against him based on Golden Jubilee's alleged lack of standing. "On a defendant's motion to dismiss the complaint based upon the plaintiff's alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing" (BAC Home Loans Servicing, LP v Rychik, 161 AD3d 924, 925; see CPLR 3211[a][3]; Gobindram v Ruskin Moscou Faltischek, P.C., 175 AD3d 586, 591). "To defeat a defendant's motion, the plaintiff has no burden of establishing its standing as a matter of law; rather, the motion will be defeated if the plaintiff's submissions raise a question of fact as to its standing" (Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 60). As relevant to this appeal, in actions where a plaintiff voluntarily commenced a bankruptcy proceeding prior to the instant action, "[t]he failure of a party to disclose a cause of action as an asset in a prior bankruptcy proceeding, which the party knew or should have known existed at the time of that proceeding, deprives him or her of 'the legal capacity to sue subsequently on that cause of action'" (Potruch & Daab, LLC v Abraham, 97 AD3d 646, 647, quoting Whelan v Longo, 23 AD3d 459, 460, affd 7 NY3d 821; see Nicke v Schwartzapfel Partners, P.C., 148 AD3d 1168, 1170).
Here, Pacht's submissions in support of his motion established that Golden Jubilee filed a bankruptcy petition in March 2016 which did not list the claim against Pacht as an asset, and that Golden Jubilee knew or should have known of the existence of its claim against Pacht prior to the filing of the bankruptcy petition (see Keegan v Moriarty-Morris, 153 AD3d 683, 684; Positive Influence Fashion v City of New York, 2 AD3d 606, 606-607). Accordingly, Pacht met his burden of establishing, prima facie, that Golden Jubilee lacked standing to bring this action against him (see Potruch & Daab, LLC v Abraham, 97 AD3d at 647). In opposition, however, the plaintiffs raised a question of fact as to Golden Jubilee's standing, thus warranting denial of that branch of Pacht's motion which was pursuant to CPLR 3211(a)(3) to dismiss the amended complaint insofar as asserted against him based on Golden Jubilee's alleged lack of standing (see Arch Bay Holdings, LLC-Series 2010B v Smith, 136 AD3d 719, 720). The plaintiffs' submissions established that Golden Jubilee's bankruptcy petition was dismissed in January 2017. Thus, all property owned by Golden Jubilee, including the present claim against Pacht, revested with Golden Jubilee upon dismissal of the bankruptcy petition (see 11 USC §§ 349, 541[a][1]; Crawford v Franklin Credit Mgt. Corp., 758 F3d 473, 485 [2d Cir]).
For the same reasons, the Supreme Court erred in granting that branch of the Castro defendants' motion which was pursuant to CPLR 3211(a)(3) to dismiss the amended complaint insofar as asserted against them based on Golden Jubilee's lack of standing due to its failure to list the claims against the Castro defendants in its bankruptcy petition (see Crawford v Franklin Credit Mgt. Corp., 758 F3d at 485).
The Supreme Court further erred in directing dismissal of the cause of action to recover damages for legal malpractice insofar as asserted against Pacht as time-barred. "In moving [*2]to dismiss a cause of action pursuant to CPLR 3211(a)(5) as barred by the applicable statute of limitations, the moving defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the cause of action has expired. The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable" (Stein Indus., Inc. v Certilman Balin Adler & Hyman, LLP, 149 AD3d 788, 789 [citations omitted]). "An action to recover damages for legal malpractice must be commenced within three years after the accrual of the cause of action" (Bullfrog, LLC v Nolan, 102 AD3d 719, 719-720; see CPLR 214[6]). "A legal malpractice claim accrues 'when all the facts necessary to the cause of action have occurred and an injured party can obtain relief in court'" (McCoy v Feinman, 99 NY2d 295, 301, quoting Ackerman v Price Waterhouse, 84 NY2d 535, 541). Under the circumstances of this case, the statute of limitations did not begin to run until specific performance was awarded in the Karpen action, on April 2, 2015 (see Frederick v Meighan, 75 AD3d 528, 531-532). The instant action was commenced on December 29, 2017. Thus, Pacht failed to meet his initial burden of establishing that the plaintiffs' cause of action to recover damages for legal malpractice was time-barred.
In granting that branch of the Castro defendants' motion which was to dismiss the plaintiffs' cause of action to recover damages for legal malpractice insofar as asserted against them, the Supreme Court also erroneously found that the cause of action was time-barred, a ground which was not relied upon by the Castro defendants in their moving papers.
Moreover, the Supreme Court erred in directing dismissal of the cause of action to recover damages for tortious interference with contract insofar as asserted against Pacht, which was alleged on behalf of Kakwani and Shahdadpuri, individually. "The elements of a cause of action alleging tortious interference with contract are: (1) the existence of a valid contract between the plaintiff and a third party, (2) the defendant's knowledge of that contract, (3) the defendant's intentional procurement of a third-party's breach of that contract without justification, and (4) damages" (Nagan Constr., Inc. v Monsignor McClancy Mem. High Sch., 117 AD3d 1005, 1006). Here, contrary to the findings of the court, viewing the amended complaint in the light most favorable to the plaintiffs and accepting the factual allegations as true, we find that the plaintiffs sufficiently stated a cause of action to recover damages for tortious interference with contract against Pacht (see Chung v Wang, 79 AD3d 693, 695).
The parties' remaining contentions are without merit.
RIVERA, J.P., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court