Matter of Crown Castle NG E., LLC v City of Rye (2022 NY Slip Op 04626)

Matter of Crown Castle NG E., LLC v City of Rye

2022 NY Slip Op 04626

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2018-11117
 (Index No. 50310/18)

[*1]In the Matter of Crown Castle NG East, LLC, appellant,
v
City of Rye , et al., respondents.

Cuddy & Feder LLP (Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY [Scott D. Musoff, Julie E. Cohen, and Eric Riedel], of counsel), for appellant.
Sive, Paget & Riesel P.C., New York, NY (Steven Barshov, Elizabeth Knauer, and Dan Chorost of counsel), for respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78, inter alia, to annul resolutions of the respondent/defendant City Council of the City of Rye dated April 19, 2017, and April 22, 2017, and action, inter alia, to recover damages for breach of contract and for related declaratory relief, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Susan Cacace, J.), dated August 20, 2018. The order and judgment granted the respondents/defendants' motion pursuant to CPLR 7804(f) and 3211(a) to dismiss the petition/complaint and denied, as academic, the petitioner/plaintiff's cross motion pursuant to CPLR 3211(c) to convert the respondents/defendants' motion to dismiss into a motion for summary judgment, and, thereupon, for summary judgment on the petition/complaint, and dismissed the proceeding/action.
ORDERED that the order and judgment is reversed, on the law, with costs to the appellant, the motion of the respondents/defendants pursuant to CPLR 7804(f) and 3211(a) to dismiss the petition/complaint is denied, the petition/complaint is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings, including a determination on the merits of the appellant's cross motion pursuant to CPLR 3211(c) to convert the respondents/defendants' motion to dismiss into a motion for summary judgment, and, thereupon, for summary judgment on the petition/complaint.
This hybrid proceeding/action involves proposals by the petitioner/plaintiff, Crown Castle NG East, LLC (hereinafter Crown), to install certain wireless telecommunications equipment within the respondent/defendant City of Rye. In 2011, the purported predecessor of Crown, NextG Networks of NY, Inc. (hereinafter NextG), entered into a Right-of-Way Use Agreement (hereinafter the RUA) with the City, authorizing NextG to install certain wireless telecommunications equipment within the City's public rights of way. The RUA provided, inter alia, that NextG would not be required to obtain a permit for the installation of its equipment as set forth in the RUA, unless the City had required other telecommunications and certain utility providers to obtain zoning approval. The RUA also provided that the equipment to be installed by NextG, as detailed in an exhibit to the RUA, was "functionally equivalent to Type II actions" that are exempt from review under the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA). Article 10 of the RUA [*2]provided that assignment by NextG required express written consent of the City. While the transfer of the rights and obligations of NextG to a parent, subsidiary, or other affiliate of NextG or to any successor in interest is considered an "exempted transfer" and does not require written consent, NextG was required to give prior written notice to the City of any such proposed exempted transfer and set forth the reasons why all exempted transfer criteria were met.
In 2015, 2016, and 2017, respectively, Crown, an apparent successor to NextG, submitted to the City for approval three alternate proposals to expand its wireless facilities in the City. Crown asserted that pursuant to the RUA, it was entitled to perform the proposed expansion work without obtaining a permit, and without undergoing SEQRA review. By resolution dated April 19, 2017, the respondent/defendant City Council of the City of Rye (hereinafter the City Council) essentially found that Crown's proposals were subject to SEQRA review, and issued a "positive declaration" pursuant to SEQRA. By resolution dated April 22, 2017, the City Council denied Crown's proposals, primarily based on its finding that the proposals did not fall entirely within the scope of the RUA and that consequently, Crown was required to seek permits, which it had failed to do.
Crown then commenced this hybrid proceeding, inter alia, to annul the resolutions dated April 19, 2017, and April 22, 2017, and action, inter alia, to recover damages for breach of contract and for a judgment declaring the City and the City Council (hereinafter together the respondents) in breach of the RUA. The respondents moved pursuant to CPLR 7804(f) and 3211(a) to dismiss the proceeding/action on the ground of, inter alia, lack of standing. The respondents asserted that Crown, as purported successor to contracting party NextG, failed to establish that it complied with Article 10 of the RUA, the provision regarding the assignment of rights. Crown cross-moved pursuant to CPLR 3211(c) to convert the motion to dismiss into a motion for summary judgment, and, thereupon, for summary judgment on the petition/complaint.
The Supreme Court granted the respondents' motion to pursuant to CPLR 7804(f) and 3211(a) to dismiss the proceeding/action on the ground of lack of standing, and denied, as academic, Crown's cross motion pursuant to CPLR 3211(c) to convert the motion to dismiss into a motion for summary judgment and, thereupon, for summary judgment on the petition/complaint. Crown appeals.
The Supreme Court erred in granting the respondents' motion to dismiss the proceeding/action based on lack of standing. "'In a hybrid proceeding and action, separate procedural rules apply to those causes of action which are asserted pursuant to CPLR article 78, on the one hand, and those to recover damages and for declaratory relief, on the other hand'" (Matter of Muller v Zoning Bd. of Appeals Town of Lewisboro, 192 AD3d 805, 808, quoting Matter of Bonacker Prop., LLC v Village of E. Hampton Bd. of Trustees, 168 AD3d 928, 932). Generally, in an action to recover damages, "[o]n a defendant's motion to dismiss the complaint based upon the plaintiff's alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing. To defeat a defendant's motion, the plaintiff has no burden of establishing its standing as a matter of law; rather, the motion will be defeated if the plaintiff's submissions raise a question of fact as to its standing" (Golden Jubilee Realty, LLC v Castro, 196 AD3d 680, 682 [citations and internal quotation marks omitted]). Within the context of a special proceeding pursuant to CPLR article 78, "[t]he petitioner 'has the burden of establishing both an injury-in-fact and that the asserted injury is within the zone of interests sought to be protected by the statute alleged to have been violated'" (Matter of Vasser v City of New Rochelle, 180 AD3d 691, 692, quoting Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation, 23 NY3d 1, 6; see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 774).
Here, with respect to those causes of action in the petition/complaint which seek relief pursuant to CPLR article 78, Crown established that it suffered an injury in fact within the zone of interests sought to be protected. Crown demonstrated an actual legal stake in the matter being adjudicated. In the petition, Crown maintains that its proposals should not have been denied and a determination under SEQRA should not be required, as its proposals purportedly fall within the Type II exemption under SEQRA. With respect to the portion of the petition/complaint which seeks civil [*3]relief, the respondents met their burden of establishing, prima facie, Crown's lack of standing. The respondents established that Crown is not a party to the RUA, did not provide express written consent to any assignment of the contract as required by Article 10 of the RUA, and did not meet the contractual requirements for an exempted transfer. However, in opposition, Crown sufficiently rebutted this showing. Crown proffered that it is not subject to Article 10 of the RUA because Crown and NextG are the same entity. Crown asserts that in April 2012, Crown Castle NG Acquisitions Corp., a wholly owned subsidiary of Crown Castle International, merged into NextG Networks, leaving NextG Networks as the surviving corporate entity, and a "wholly-owned indirect subsidiary" of Crown Castle International. Thereafter, Crown alleges, NextG Networks of NY, Inc., doing business as NextG Networks East, simply changed its name to Crown Castle NG East, Inc., which was later converted to Crown Castle NG East, LLC, the petitioner/plaintiff herein. In support of this assertion, Crown provided a copy of a letter to the New York State Public Service Commission, dated December 17, 2012, advising of the name change. Crown further provided a Certificate of Conversion demonstrating that the company originally formed as NextG Networks of NY, Inc., converted from Crown Castle NG East, Inc., to Crown Castle NG East, LLC.
In light of our determination, Crown's cross motion pursuant to CPLR 3211(c) to convert the respondents/defendants' motion to dismiss into a motion for summary judgment, and, thereupon, for summary judgment on the petition/complaint, is no longer academic, and we remit the matter to the Supreme Court, Westchester County, for further proceedings, including a determination on the merits of Crown's cross motion (see First Choice Plumbing Corp. v Miller Law Offices, PLLC, 164 AD3d 756, 758; Stein v Doukas, 128 AD3d 805). The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CHAMBERS, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.

2018-11117 DECISION & ORDER ON MOTION
In the Matter of Crown Castle NG East, LLC, appellant,
v City of Rye , et al., respondents.
(Index No. 50310/18)

Motion by the respondents, inter alia, to dismiss the appeal from an order and judgment (one paper) of the Supreme Court, Westchester County, dated August 20, 2018, on the ground that the appellant has failed to file a certification of authority to do business in New York, or, in the alternative, to strike stated portions of the appellant's brief on the ground that it improperly raises issues for the first time on appeal. By decision and order on motion of this Court dated January 15, 2020, the motion was held in abeyance and referred to the panel of Justices hearing the appeal upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is granted to the extent that the portion of the appellant's brief which begins on page 24 with the words "[t]he IAS Court Failed to Consider," and ends on page 27 with the words "decision should be reversed" and the portion of the appellant's brief which begins on page 57 with the words "[f]ederal Law Preempts" and ends on page 60 with the words "sections 253(a) and 332(c)(7)(B)(i)(II) of the TCA" are deemed stricken, and have not been considered on the appeal, and the motion is otherwise denied.
ENTER:
Maria T. Fasulo
Clerk of the Court