Whitson's Food Serv., LLC v A.R.E.B.A.-Casriel, Inc. (2024 NY Slip Op 04480)

Whitson's Food Serv., LLC v A.R.E.B.A.-Casriel, Inc.

2024 NY Slip Op 04480

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2023-03531
 (Index No. 609076/22)

[*1]Whitson's Food Service, LLC, etc., respondent,
v
A.R.E.B.A.-Casriel, Inc., etc., appellant.

Milman Labuda Law Group PLLC, Lake Success, NY (Michael C. Mule and Joseph Benincasa IV of counsel), for appellant.
Zisholtz & Zisholtz, LLP, Garden City, NY (Meng Michelle Cheng and Joseph McMahon of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, J.), dated March 13, 2023. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In January 2021, Whitson's Food Service Corp. (hereinafter Whitson Corp) entered into a contract with the defendant to provide food service and food service management for the defendant. Paragraph 19 of the contract provided as follows: "This Agreement and the rights granted hereunder may not be assigned by either Party, whether by operation of law, merger, change of ownership or otherwise, without the prior written consent of the other Party, and any unauthorized assignment shall be void ab initio."
On or about August 24, 2021, Whitson Corp merged with the plaintiff, Whitson's Food Service, LLC, with the plaintiff being the surviving entity. The plaintiff characterized the merger as a change in "corporate form," with no change "in management, ownership or day-to-day operations." The plaintiff commenced this action in July 2022, asserting, inter alia, causes of action to recover damages for breach of contract and unjust enrichment and alleging that although the plaintiff had provided all the required services through the end of the initial contract term in December 2021, the defendant failed to pay a balance due and owing in the amount of $402,291.68.
The defendant thereafter moved pursuant to CPLR 3211(a)(1), (3), and (7) to dismiss the complaint, contending that because the plaintiff was not a party to the contract, it lacked standing to commence this action and, relatedly, that the nonassignment provision of the contract precluded the plaintiff from recovering under the contract because the defendant had not consented to any assignment, by merger or otherwise. In an order dated March 13, 2023, the Supreme Court denied the defendant's motion. The defendant appeals.
"On a defendant's motion to dismiss the complaint based upon the plaintiff's alleged [*2]lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing" (Golden Jubilee Realty LLC v Castro, 196 AD3d 680, 682 [internal quotation marks omitted]; see CPLR 3211[a][3]). In opposition, "the motion will be defeated if the plaintiff's submissions raise a question of fact as to its standing" (Golden Jubilee Realty LLC v Castro, 196 AD3d at 682 [internal quotation marks omitted]).
Here, the defendant met its burden of establishing, prima facie, the plaintiff's lack of standing. The defendant established that the plaintiff was not a party to the contract and that the defendant did not provide express consent to any assignment of the contract (see Matter of Crown Castle NG E., LLC v City of Rye, 207 AD3d 624, 626-627). However, in opposition, the plaintiff raised a question of fact as to its standing, primarily through its submission of an affidavit of its chief financial officer, who attested that the merger was a mere change in corporate form that had no effect on the beneficial ownership, possession, control, or daily operations of the business (see Brentsun Realty Corp. v D'Urso Supermarkets, Inc., 182 AD2d 604, 605). Under the circumstances, the plaintiff raised a question of fact as to whether the merger constituted an assignment that violated the nonassignment provision of the contract (see Matter of Crown Castle NG E., LLC v City of Rye, 207 AD3d at 627; Brentsun Realty Corp. v D'Urso Supermarkets, Inc., 182 AD2d at 605; Penn York Constr. Corp. v State of New York, 92 AD2d 1087, 1088).
Moreover, the cause of action to recover damages for unjust enrichment is not predicated upon the existence of a valid and enforceable contract between the parties. "Unjust enrichment lies as a quasi-contract claim and contemplates an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties" (Bedford-Carp Constr., Inc. v Brooklyn Union Gas Co., 219 AD3d 1293, 1295 [internal quotation marks omitted]). "[A] plaintiff may allege a cause of action to recover damages for unjust enrichment as an alternative to a cause of action alleging breach of contract" (F & R Goldfish Corp. v Furleiter, 210 AD3d 643, 646; see First Class Concrete Corp. v Rosenblum, 167 AD3d 989, 990). Thus, the contract did not conclusively establish a defense as a matter of law to the cause of action to recover damages for unjust enrichment (see Coalition of Landlords, Homeowners & Merchants, Inc. v S. & A. Neocronon, Inc., 224 AD3d 658, 659-660).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
IANNACCI, J.P., FORD, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court