Campbell v Law Off. of Solomon Rosengarten (2025 NY Slip Op 04700)

Campbell v Law Off. of Solomon Rosengarten

2025 NY Slip Op 04700

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2023-07601
 (Index No. 502467/20)

[*1]Patrick A. Campbell, appellant, 
v
Law Office of Solomon Rosengarten, etc., et al., respondents.

William Pager, Brooklyn, NY, for appellant.
Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Jamie R. Wozman and Kevin D. Torge of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated May 25, 2023. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging legal malpractice as time-barred.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging legal malpractice as time-barred is denied.
The defendants, Solomon Rosengarten and his law firm, represented the plaintiff, Patrick A. Campbell, in a personal injury action that was commenced in December 1994 in the Supreme Court, Kings County (hereinafter the personal injury action). In September 1995, the personal injury action was transferred to the Civil Court, Kings County, but there were no further proceedings in that court on the action until after 2017. In December 1995, Rosengarten appeared at two depositions on behalf of Campbell in the personal injury action.
In 2016, Campbell executed a consent to change attorneys form and filed it in the Supreme Court, Kings County. Campbell then moved in the Supreme Court to restore the action to the active calendar, for summary judgment on the issue of liability, and for leave to file a note of issue. In an order dated November 22, 2017, the motion was denied without prejudice to refile in the Civil Court, Kings County. Campbell then moved in the Civil Court to restore the action to the active calendar and for summary judgment on the issue of liability. In an order dated December 10, 2019, the Civil Court denied the motion (hereinafter the Civil Court order).
In January 2020, Campbell commenced this action, inter alia, to recover damages for legal malpractice. The defendants moved, among other things, pursuant to CPLR 3211(a) to dismiss the cause of action alleging legal malpractice as time-barred. In an order dated May 25, 2023, the Supreme Court, inter alia, granted that branch of the motion. Campbell appeals.
"To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession; and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages" (Katsoris v Bodnar & Milone, [*2]LLP, 186 AD3d 1504, 1505 [internal quotation marks omitted]). A cause of action to recover damages for legal malpractice must be commenced within three years from the time of accrual (see CPLR 203[a]; 214[6]). "A cause of action to recover damages for legal malpractice accrues when the malpractice is committed, not when it is discovered" (Alizio v Ruskin Moscou Faltischek, P.C., 126 AD3d 733, 735; see McCoy v Feinman, 99 NY2d 295, 301). "'A legal malpractice claim accrues when all the facts necessary to the cause of action have occurred and an injured party can obtain relief in court'" (Lee v Leeds, Morelli & Brown, P.C., 233 AD3d 1072, 1077, quoting McCoy v Feinman, 99 NY2d at 301; see Farage v Ehrenberg, 124 AD3d 159, 163).
Here, the cause of action alleging legal malpractice was premised on the defendants' neglect of the personal injury action. As pre-note of issue delay of a pending action is not necessarily injurious (see generally Lopez v Imperial Delivery Serv., 282 AD2d 190, 191), the actionable injury in this case did not occur until the issuance of the Civil Court order, which prevented the plaintiff from further prosecuting the personal injury action (see Golden Jubilee Realty, LLC v Castro, 196 AD3d 680, 683; Frederick v Meighan, 75 AD3d 528, 532; see also Flintlock Constr. Servs., LLC v Rubin, Fiorella & Friedman, LLP, 188 AD3d 530, 531). Therefore, the cause of action alleging legal malpractice was timely, since it was asserted within three years of the issuance of the Civil Court order.
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging legal malpractice as time-barred.
BRATHWAITE NELSON, J.P., MILLER, WOOTEN and WARHIT, JJ., concur.

2023-07601 DECISION & ORDER ON MOTION
Patrick A. Campbell, appellant, v Law
Office of Solomon Rosengarten, etc.,
et al., respondents.
(Index No. 502467/20)

Appeal from an order of the Supreme Court, Kings County, dated May 25, 2023. Motion by the respondents, inter alia, to strike the appellant's reply brief on the ground that it improperly raises arguments for the first time on appeal. By decision and order on motion of this Court dated January 17, 2025, that branch of the respondents' motion which is to strike the appellant's reply brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to strike the appellant's reply brief on the ground that it improperly raises arguments for the first time on appeal is granted, and the reply brief is stricken and has not been considered in the determination of the appeal.
BRATHWAITE NELSON, J.P., MILLER, WOOTEN and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court