Farmingdale Pub. Lib. v Farmingdale Union Free Sch. Dist. (2025 NY Slip Op 07284)

Farmingdale Pub. Lib. v Farmingdale Union Free Sch. Dist.

2025 NY Slip Op 07284

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2021-00915
 (Index No. 617564/19)

[*1]Farmingdale Public Library, appellant, 
v
Farmingdale Union Free School District, et al., respondents.

Hamburger & Yaffe, LLP, Huntington, NY (David N. Yaffe of counsel), for appellant.
Guercio & Guercio, LLP, Farmingdale, NY (Christopher W. Shishko of counsel), for respondent Farmingdale Union Free School District.
Farrell Fritz, P.C., Uniondale, NY (Michael P. Guerriero of counsel), for respondents Long Island Power Authority and Long Island Lighting Company, doing business as Long Island Power Authority.

DECISION & ORDER
In an action, inter alia, to recover damages for unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered January 15, 2021. The order granted the separate motions of the defendant Farmingdale Union Free School District and the defendants Long Island Power Authority and Long Island Lighting Company, doing business as Long Island Power Authority, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff, a public library, commenced this action to recover a portion of certain payments-in-lieu-of-taxes (hereinafter PILOTs) made by the defendants Long Island Power Authority and Long Island Lighting Company, doing business as Long Island Power Authority (hereinafter together the LIPA defendants), attributable to their properties located within the plaintiff's library district. Between the fiscal years of 2015-2016 and 2018-2019, the LIPA defendants issued certain PILOTs, which were received by the defendant Farmingdale Union Free School District (hereinafter the School District). The plaintiff alleged, among other things, that the School District violated Education Law § 259(1) and was unjustly enriched when, in August 2019, the plaintiff demanded its share of those PILOTs from the School District, and the School District refused to deliver that share of those PILOTs to the plaintiff. The plaintiff further alleged that the LIPA defendants violated Public Authorities Law § 1020-q(1) by failing to tender the PILOTs to the plaintiff directly.
The School District and the LIPA defendants separately moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against each of them, on the ground, inter alia, that the plaintiff lacked standing. By order entered January 15, 2021, the Supreme Court granted, pursuant to CPLR 3211(a)(3), the separate motions. The plaintiff appeals.
"To establish standing, the plaintiff must demonstrate 'both an injury-in-fact and that the asserted injury is within the zone of interests sought to be protected by the statute alleged to have been violated'" (Fossella v Adams, 225 AD3d 98, 108, mod _____ NY3d _____, 2025 NY Slip Op 01668, quoting Matter of CPD NY Energy Corp. v Town of Poughkeepsie Planning Bd., 139 AD3d 942, 943; see New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 211). "To demonstrate an 'injury in fact,' a plaintiff must 'establish that he or she will actually be harmed by the challenged action, and that the injury is more than conjectural'" (Matter of American Massage Therapy Assn. v Town of Greenburgh, 173 AD3d 1009, 1010, quoting Caprer v Nussbaum, 36 AD3d 176, 183).
"On a defendant's motion to dismiss the complaint based upon the plaintiff's alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing" (Whitson's Food Serv., LLC v A.R.E.B.A.-Casriel, Inc., 230 AD3d 1274, 1275 [internal quotation marks omitted]; see Matter of Crown Castle NG E., LLC v City of Rye, 207 AD3d 624, 626). "In opposition, 'the motion will be defeated if the plaintiff's submissions raise a question of fact as to its standing'" (Whitson's Food Serv., LLC v A.R.E.B.A.-Casriel, Inc., 230 AD3d at 1275, quoting Golden Jubilee Realty, LLC v Castro, 196 AD3d 680, 682; see Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 60).
In support of its motion, the School District submitted an affidavit of its assistant to the superintendent of business, who averred, among other things, that during the fiscal years of 2015-2016 through 2018-2019, the plaintiff received the full amount of its tax levy, that during such period the plaintiff did not request any of the PILOTs to which it was allegedly entitled, and that had the plaintiff demanded such PILOTs, its tax levy would have been reduced "dollar-for-dollar." The School District therefore established, prima facie, that the plaintiff did not sustain an "injury-in-fact" and, thus, could not pursue its claims against either the School District or the LIPA defendants (see generally Matter of World Trade Ctr. Lower Manhattan Disaster Site Litig., 30 NY3d 377, 384). Since, in opposition, the plaintiff did not dispute that its tax levy would have been reduced by an amount equal to its share of the PILOTs had it received them, the plaintiff failed to raise a question of fact as to whether it was harmed by the School District's alleged violation of Education Law § 259(1) (see generally Matter of Youngewirth v Town of Ramapo Town Bd., 98 AD3d 678, 680). Accordingly, the Supreme Court properly granted the separate motions of the School District and the LIPA defendants pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against each of them.
The parties' remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., GENOVESI, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court