Hildreth Real Estate Advisors, LLC v Learned Hands Ct., LLC (2026 NY Slip Op 01774)

Hildreth Real Estate Advisors, LLC v Learned Hands Ct., LLC

2026 NY Slip Op 01774

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
WILLIAM G. FORD
JAMES P. MCCORMACK, JJ.

2024-05251
 (Index No. 606339/22)

[*1]Hildreth Real Estate Advisors, LLC, respondent,
vLearned Hands Court, LLC, defendant, Trunzo General Contracting Corp., appellant.

Rosenberg Calica Birney Liebman & Ross LLP, Garden City, NY (John S. Ciulla of counsel), for appellant.
Meltzer, Lippe, Goldstein & Breitstone, LLP, Mineola, NY (Thomas J. McGowan of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for tortious interference with contract, the defendant Trunzo General Contracting Corp. appeals from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated May 7, 2024. The order denied that defendant's motion pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff, Hildreth Real Estate Advisors, LLC (hereinafter Hildreth), entered into a contract of sale to purchase a certain parcel of commercial property from the defendant Learned Hands Court, LLC (hereinafter Learned Hands). At the time, part of the property was leased to the defendant Trunzo General Contracting Corp. (hereinafter Trunzo). The lease between Learned Hands and Trunzo provides, inter alia, that in the event that Learned Hands sells the property to a third party in an arms-length transaction, Trunzo would have a right of first refusal to purchase the property on the same terms and conditions as set forth in the third-party contract of sale. After Hildreth and Learned Hands entered into the contract of sale and an amended contract of sale, Trunzo purported to exercise its right of first refusal. The sale of the property did not thereafter occur.
Hildreth commenced this action against Learned Hands, for specific performance of the contract of sale and to recover damages for breach of contract, and Trunzo, to recover damages for tortious interference with contract.
Trunzo moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it. Trunzo asserted, among other things, that Hildreth lacked standing to assert a cause of action alleging tortious interference with contract predicated upon Trunzo's allegedly improper purported exercise of its right of first refusal because Hildreth was not a party to the lease between Trunzo and Learned Hands. The Supreme Court denied the motion, and Trunzo appeals.
Contrary to Trunzo's contention, a prior order issued by the Supreme Court did not [*2]constitute the law of the case as to the issue of Hildreth's standing to assert a cause of action alleging tortious interference with contract. In the prior order, the court did not address Hildreth's standing to assert a cause of action alleging tortious interference with contract. "'The law of the case doctrine applies only to legal determinations that were necessarily resolved on the merits in a prior decision, and to the same question in the same case'" (Benjamin v Yeroushalmi, 212 AD3d 758, 759, quoting Katz v Hampton Hills Assoc. Gen. Partnership, 186 AD3d 688, 690). Thus, the prior order did not constitute the law of the case for purposes of Trunzo's subsequent motion (see Big C Contr. Corp. v Fishman, 237 AD3d 1022; Flatbush Two, LLC v Morales, 190 AD3d 826, 827; Saccoccia v Greenberg, 136 AD3d 881, 883).
Furthermore, Trunzo did not establish that Hildreth lacked standing to assert a cause of action alleging tortious interference with contract. Where a defendant seeks dismissal pursuant to CPLR 3211(a)(3) based on lack of standing, "the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing" (Golden Jubilee Realty, LLC v Castro, 196 AD3d 680, 682 [internal quotation marks omitted]; see BAC Home Loans Servicing, LP v Rychik, 161 AD3d 924, 925). Here, Trunzo did not establish, prima facie, that Hildreth lacked standing to assert a cause of action alleging tortious interference with Hildreth's contract predicated upon Trunzo's allegedly improper purported exercise of its right of first refusal (see Nicosia v Bd. of Mgrs. of the Weber House Condominium, 77 AD3d 455, 455-456; see also National Land & Building Corp. v Kazim, 25 AD3d 513, 514).
In addition, the amended complaint states a viable cause of action alleging tortious interference with contract. On a motion to dismiss pursuant to CPLR 3211(a)(7), the pleading is to be given a liberal construction, the allegations contained within it are assumed to be true, and the plaintiff is to be afforded every favorable inference (see Leon v Martinez, 84 NY2d 83, 87). A cause of action alleging tortious interference with contract requires allegations of "'the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom'" (City RE Group, LLC v 2633 Ocean Realty, LLC, 221 AD3d 653, 653, quoting Lama Holding Co. v Smith Barney, 88 NY2d 413, 424).
Here, the amended complaint alleges the existence of a valid contract between Hildreth and Learned Hands, and it is undisputed that Trunzo was aware of that contract. The amended complaint further alleges, inter alia, that Trunzo intentionally procured the breach of that contract by Learned Hands, by Trunzo purporting to exercise its right of first refusal, despite lacking the wherewithal to consummate the purchase of the property. Under these circumstances, the amended complaint adequately pleads a cause of action alleging tortious interference with contract (see Golden Jubilee Realty, LLC v Castro, 196 AD3d at 683-684; Nicosia v Bd. of Mgrs. of the Weber House Condominium, 77 AD3d at 455-456).
LASALLE, P.J., CHAMBERS, FORD and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court